**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT BAUER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5013** |
| **DEAN MORRIS, L.L.P., ET AL** | **SECTION "K"** |
| | |
| **MARY & LARRY PATTERSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5014** |
| **DEAN MORRIS, L.L.P., ET AL** | **SECTION "K"** |

**ORDER AND OPINION**

Before the Court in each of the captioned cases is a "Motion for Leave to File Sixth Supplemental and Amending Class Action Complaint" filed on behalf of plaintiffs.[1] Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motions to amend.

BACKGROUND

The factual background of these cases is set forth in detail in *Patterson v. Dean Morris,* 337 B.R. 82 (E.D. La. 2006). Because these cases have a long and tortured procedural background, only those facts necessary to the determination of these motions will be recounted.

Plaintiffs originally filed both of these cases, which allege various state law claims, in Civil District Court for the Parish of Orleans on February 17, 2005. Both state court petitions, contained a paragraph stating:

---

[1] *Bauer v. Dean Morris, L.L.P.*, No. 08-5013 (Doc. 185); *Patterson v. Dean Morris, L.L.P.*, No. 08-5014 (Doc. 184)

> Plaintiffs disclaim any cause of action arising under the Constitution, treaties, or other laws of the United States, including but not limited to, any claim arising from an act or omission on a federal enclave or by any officer of the United States or any agent or person acting on behalf of such individual. No claim under admiralty or maritime law is alleged. To the extent this paragraph conflicts with any other allegations herein, this paragraph controls.

*Patterson v. Dean Morris*, No. 05-2177 (E.D. La.) , Doc. 1 Plaintiffs' Petition, ¶ XXXV; *Bauer v. Dean Morris*, No. 05-2178 (E.D. La.), Doc. 1 Plaintiffs' Petition, ¶ XXXII.  Prior to serving the defendants with the state court petition, plaintiffs filed in each case a First Supplemental and Amending Petition which contained among other allegations the same paragraph disclaiming a federal cause of action.

After plaintiffs served defendants with the First Supplemental and Amended Class Action Petition For Damages, various defendants removed the cases to federal court based on federal bankruptcy jurisdiction and supplemental jurisdiction. *Patterson v. Dean Morris*, No. 05-2177 (E.D. La.) , Doc. 1 Joint Notice of Removal; *Bauer v. Dean Morris*, No. 05-2178 (E.D. La.), Doc. 1 Joint Notice of Removal.  Thereafter other defendants in both cases filed a Notice of Additional Grounds for Removal citing the Class Action Fairness Act of 2005 ("CAFA") as an additional basis of federal jurisdiction.  Plaintiffs moved to remand  both cases .  In the memorandum filed in support of each motion plaintiffs represented that the cases "only involve issues of state law" and that "the action[s] could not have commenced in this Court absent the Court's bankruptcy jurisdiction. . .." *Patterson v. Dean Morris*, No. 05-2177 (E.D. La.) , Doc. 23 Plaintiffs' Memorandum in Support of Motion for Remand or Alternatively, Motion for Abstention, p. 5; *Bauer v. Dean Morris*, No. 05-2178 (E.D. La.), Doc. 26 Plaintiffs' Memorandum in Support of Motion for Remand or Alternatively, Motion for Abstention, p. 5.   Plaintiffs' memorandum in each case also stated "[t]his case does not involve

any claims under federal law." *Patterson v. Dean Morris*, No. 05-2177 (E.D. La.) , Doc. 23 Plaintiffs' Memorandum in Support of Motion for Remand or Alternatively, Motion for Abstention, p. 9; *Bauer v. Dean Morris*, No. 05-2178 (E.D. La.), Doc. 26 Plaintiffs' Memorandum in Support of Motion for Remand or Alternatively, Motion for Abstention, p. 6.

The Court granted the motions to remand concluding that equitable remand of the claims was appropriate and noting that "the instant claims have no independent basis for federal jurisdiction other than [28 U.S.C.] § 1334(b)[,]" i.e., bankruptcy jurisdiction. *Patterson v. Dean Morris*, 337 B.R. at 93.

After plaintiffs in the *Patterson* case filed the "Second Supplemental and Amended Class Action Petition For Damages," certain defendants again removed the suit to federal court, asserting jurisdiction based on CAFA. The Court again remanded the *Patterson* case.

The cases proceeded in state court for approximately eleven months, until the Federal Deposit Insurance Corporation ("FDIC"), which had been appointed receiver for defendant Washington Mutual, Inc., removed the suits to federal court based on federal jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(A). Following the FDIC's dismissal, plaintiffs moved to remand both suits to state court, asserting in part, that "the removed class action is based solely upon state law claims and state law causes of action" and "the action could not have commenced in this Court absent the 12 U.S.C. § 1819 jurisdiction . ..." *Patterson v. Dean Morris*, No. 08-5014, Doc. 26-1, p. 9; *Bauer v. Dean Morris*, No. 08-5013, Doc. 26-1, p. 9. At oral argument on the motions to remand, counsel for plaintiff stated:

> So, here's what you have left: You have our state law claims against Dean Morris, and our state law claims against the lenders that hired them. There are no federal claims in this case of any sort remaining. The pleadings themselves show that there are no federal claims and

3

> this Court has independently, on two prior occasions, determined that there are no federal law claims.

*Bauer v. Dean Morris*, No. 08-5013, Doc. 52, p. 17-18. The Court granted plaintiffs' motions to remand, concluding "[t]here is no federal interest in the remaining claims which requires the protection of the federal court thereby necessitating the exercise of federal jurisdiction over the claims . . . the Court declines to exercise jurisdiction over the purely state law claims remaining in these two cases." *Patterson v. Dean Morris*, No. 08-5014, Doc. 108, p. 6-7. A number of the defendants appealed the remand order. The Fifth Circuit Court of Appeals reversed the decision to remand the matter to state court and these cases are now once again before this Court.

Plaintiffs seek to file a "Sixth Supplemental and Amending Class Action Complaint" in each case which would delete the paragraph disclaiming a federal cause of action and add a claim for damages under the Fair Debt Collection Practices Act ("FDCPA") against Dean Morris, L.L.P., George B. Dean, Jr., John C. Morris, III, Candice A. Coutreau, and Charles H. Heck, Jr. (herein after collectively referred to as the "Dean Morris defendants") based on the following alleged violations:

> "15 U.S.C. §1692e by making a false, misleading or deceptive misrepresentation in connection with the collection of a debt; and
> 15 U.S.C. §1692f(1) by collecting an amount not authorized by agreement or statute."

*Patterson v. Dean Morris*, No. 08-5014, Doc. 182-2; *Bauer v. Dean Morris*, No. 08-5013, Doc. 185-2. Additionally, the Sixth Supplemental and Amending Complaints add the following claim against the "Lender Defendants" - "[u]nder federal law, the Lender Defendants are vicariously liable for the FDCPA violations of the Dean Morris defendants."[2] The Dean Morris defendants oppose the

---

[2] The Fifth Supplemental and Amending Petition defines "Lender Defendants" as members of the "Defendant Class" and specifically lists "Aurora Loan Services, L.L.C. f/k/a Aurora Loan Services, Inc., Long Beach Mortgage Company, aka Washington Mutual Bank,

motions on several grounds:

- the amendment is futile because it contains no factual allegations supporting the claim;
- the amendment is futile because "[t]o the extent that plaintiffs are suggesting that they were overcharged contractually mandated attorneys' fees, such claims are excluded under the FDCPA[]";
- the claim is time barred;
- judicial estoppel precludes the claim; and
- the amendment of the complaint will delay the case and prejudice the defendants.

Additionally, Lender Defendants Chase Home Finance LLC and JPMorgan Chase Bank, N.A. oppose the motions contending that this claim comes too late and that they cannot be held vicariously liable under FDCPA for the acts of Dean Morris.

## LAW AND ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court, and that "[t]he court should freely give leave when justice so requires." "However, leave to amend is by no means automatic. The decision lies within the discretion of the district court." *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (internal quotations and citations omitted). A district court does not abuse its discretion when it denies leave to amend because the amendment would be futile. *Rio Grande Royalty Company, Inc. v. Energy Transfer Partners, L.P.*, ___ F.3d. ___, ___, 2010 WL 3565192, at *2 (5th Cir. September 15, 2010), citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co.,*

---

Chase Manhattan Mortgage Company and/aka Chase Home Finance, L.L.C. as successor by merger to Chase Manhattan Mortgage Corporation, Washington Mutual, Inc. and/or aka Washington Mutual Bank, The Leader Mortgage Company, L.L.C., Countrywide Home Loans, Inc. and Mortgage Electronic Registration Systems, Inc.

*L.L.C.*, 234 F.3d 863, 873 (5th Cir. 2000).  Thus, critical to the determination of whether leave should be granted to amend the complaint is an analysis of whether the amended complaint would fail to state a claim upon which relief could be granted.

In enacting the FDCPA, Congress sought "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. §1692(e).  In pertinent part, the FDCPA prohibits "debt collectors" from making a false, misleading or deceptive misrepresentation in connection with the collection of a debt and from collecting an amount not authorized by agreement or statute.  15 U.S.C. §1962e, 1692(f)(1).  In general, the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another."  15 U.S.C. §1692a(6).  However, the FDCPA specifically excludes from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that such activity . . .(ii) concerns a debt which was originated by such person; . . .."  15 U.S.C. §1692a(6)(F).

As to the Lender Defendants, the amendment is futile.  The only new claim alleged against the Lender Defendants is plaintiffs' claim that "[u]nder federal law, the Lender Defendants are vicariously liable for the FDCPA violations of the Dean Morris defendants."  Doc. 18402, p.3.  It is doubtful that the Lender Defendants can be held vicariously liable for Dean Morris's violations, if any, of the FDCPA.  The Sixth Circuit has held:

> We do not think it would accord with the intent of Congress, as manifested in the terms of the [FDCPA], for a company that is *not* a debt collector to be held vicariously liable for a collection suit filing that violates the [FDCPA] only because the filing attorney is a "debt collector." Section 1692 imposes liability only on a *"debt collector* who fails to comply with [a] provision of this subchapter . . .." 15 U.S.C. §1692k(a). The plaintiffs would have us impose liability on non-debt collectors too. This we decline to do.

*Wadlington v. Credit Acceptance Corporation*, 76 F.3d 103, 108 (6th Cir. 1996). In *Wadlington*, the plaintiff sought to hold the assignee of a retail installment sales contract vicariously liable for alleged FDCPA violations by the lawyer assignee retained to collect the debt. In *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190-91 (S.D. Tx. 2007)(Rosenthal, J.), the district court adopted the reasoning of *Wadlington* and granted summary judgment to the lender defendants on the FDCPA claim. *See also Gary v. Goldman & Company*, 180 F.Supp.2d 668, 673 (E.D. Pa. 2002); *Freeman v. CAC Financial, Inc.*, 2006 WL 925609 (S.D. Ms. March 31, 2006); *Frascogna v. Wells Fargo Bank, N.A.*, 2009 WL 2843284 (S.D. Ms. August 31, 2009).

Although a creditor cannot be held vicariously liable for FDCPA violations by a debt collector it retains, a plaintiff may have a claim against the creditor under principles of common law for negligence based on lack of care in selecting, instructing, and supervising third-party debt collectors. *Freeman v. CAC Financial, Inc.*, 2006 WL 925609, at *3; *Fouche v. Shapiro & Massey L.L.P.*, 575 F.Supp.2d 776, 783 (S.D. Ms. 2008); *Salem v. J.P. Morgan Chase & Co.,* 2009 WL 4738182, at *2 (S.D. Ms. 2009). Here, the proposed Sixth Supplemental and Amending Class Action Complaints do not include factual allegations that the Lender Defendants acted negligently with respect to the agency relationship with Dean Morris. With respect to vicarious liability, the Sixth Supplemental and Amended complaint states only "[u]nder *federal* law, the Lender Defendants are vicariously liable for the FDCPA violations of the Dean Morris defendants." Doc.

7

184-2. Because the Sixth Supplemental and Amended Complaints does not include allegations of agency liability, the amendment would be futile as to the Lender Defendants.[3]

Having concluded that the amendment would be futile as to the Lender Defendants, the Court now turns to analyzing whether the amendment would also be futile as to the Dean Morris defendants. The Dean Morris defendants urge that the amendment is futile because the amounts they collected were reasonable and were contractually allowed and therefore no FDCPA violation can be stated. The FDCPA specifically provides that collecting an "amount [that] is expressly authorized by the agreement creating the debt or permitted by law" is not a violation of the statute. 15 U.S.C. §1692f. Paragraph XLIV of the Sixth Supplemental and Amending Complaints alleges that Dean Morris violated the FDCPA "by collecting an amount not authorized by agreement or statute." That allegation, although it does not contain specific allegations as to non-authorized charges for each plaintiff, is sufficient to state a claim. Therefore, the FDCPA claims against the Dean Morris defendants are not futile.

The Dean Morris defendants also contend that the amended complaints are futile because the FDCPA claims are time barred. Claims under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). There are no allegations in any of prior petitions or complaints or in the Sixth Supplemental and Amending complaint which establish a time frame for the alleged violations. Thus, the timeliness of the FDCPA claims can not be

---

[3] The Fifth Amended petition includes allegations that may be interpreted as stating state law agency claims; Dean Morris is alleged to be the agent of the Lender Defendants, and there is also an allegation that "[t]he Lender Defendants also cooperated in, participated in, authorized and/or did little or nothing to prevent the practice of charging, receiving, and not refunding improper, excessive fees and costs. Fifth Supplemental and Amending Petition for Damages, ¶ XXVIII.

determined from the complaints themselves.

Moreover, the amendment would relate back to the date they filed the original petition, i.e. February 17, 2005. Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." There can be no reasonable dispute that the FDCPA claims arise from the same facts as those which form the basis for the state law claims, and Dean Morris does not assert that the FDCPA claims would have been time barred had they been filed as part of the original petition. This contention lacks merit.

The Dean Morris defendants also assert that amending the complaints is futile because judicial estoppel bars the FDCPA claims. "Judicial estoppel is an equitable doctrine that 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken the same or some earlier proceeding." *Hopkins v. Cornerstorne America*, 545 F.3d 347 (5th Cir. 2008), quoting *Hall v. GE Plastic Pac. PTE, Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003) (citations omitted). Judicial estoppel is designed "to protect the integrity of the judicial process, by prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)(internal quotations and citation omitted). There is no definitive test for determining whether judicial estoppel applies. However, in *New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) the Supreme Court identified:

> several factors [that] typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be clearly inconsistent with its earlier position. Second courts regularly inquire whether the party has succeeded in persuading a court to

> accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the exception that either the first or the second court was misled; . . .. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

The Supreme Court noted that "[i]n enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrines's application in specific factual contexts." *Id.*

In plaintiffs' original petitions, as well as in each petition/complaint until the proposed Sixth Supplemental and Amended Complaint, plaintiffs alleged that they "disclaim any cause of action arising under the Constitution, treaties, or other laws of the United States . . . ." "Disclaim" means "to renounce or repudiate a legal claim." Webster's Third New International Dictionary (1976). There can be little doubt that the disclaimer resulted from plaintiffs' desire to remain in state court. Moreover, as detailed herein above, when the defendants removed the suits to federal court, plaintiffs consistently denied that the cases included any federal claims. Considering the definition of "disclaim," and plaintiffs prior and repeated disavowal of a federal claim, plaintiffs present allegation of a FDCPA claim is wholly inconsistent with plaintiffs' prior position regarding a federal claim. *Gamblin v. Mississippi Farm Bureau Mutual Insurance Company,* 2010 WL 178221 at *5 (S.D. Ms. April 30, 2010). Therefore, the first factor weighs in favor of invoking judicial estoppel.

A second factor in accessing the applicability of judicial estoppel, i.e., whether the party persuaded the court to accept the earlier position, also weighs in favor of invoking judicial estoppel. More than once, this Court relied upon plaintiffs' disclaimer of "any cause of action arising under the Constitution, treating, or other laws of the United States" and remanded the cases to state court noting that the suits presented only state law claims.

A third factor which may be considered is whether the party espousing the inconsistency has gained an unfair advantage or imposed an unfair detriment on an opposing party as a result of the inconsistency. This matter has been pending more than 5 years. As long as it benefitted plaintiffs, they disclaimed any federal claims. Only now, having lost the forum of their choice, are plaintiffs interested in pursuing this federal claim. That interest comes very late in the game, and at a time when a great deal of resources have already been expended in pursuing this litigation. The Court finds *Gamblin v. Mississippi Farm Bureau Mutual Insurance Company*, 2010 WL 1780221 instructive. There plaintiff filed suit in state court alleging racial discrimination against various insurance companies for selling African-American individuals and churches insurance policies with inferior terms and higher rates than those sold to Caucasian individuals and churches. In their state court complaint the plaintiffs "expressly waived and disavowed all federal claims." *Id*. at *1. Defendants removed the suit to federal court, and based on plaintiffs' disavowal of any federal claims, the district court remanded the suit to state court, where the suit was later dismissed. Thereafter, the plaintiffs filed suit in federal court alleging federal claims of racial discrimination under 42 U.S.C. § 1981and §1982 as well as various state claims. The district court invoked judicial estoppel and dismissed plaintiffs claims stating in pertinent part:

> Plaintiffs had the option to file in state court and attempt to recover. They cannot now come back and attempt to recover for federal claims which they insisted in the first suit they would not bring. Plaintiffs current position is clearly inconsistent with their previous position which they successfully asserted in the previous suit, and they lack any defense. Plaintiffs show no good cause for their change in position . There has been no new pronouncement by the courts and no change in facts.

*Id.* at *7. Similarly, here there has been no new pronouncement by the courts and no change in the facts. Moreover, it is "within the court's discretion to utilize judicial estoppel and prevent [plaintiff]

from playing 'fast and loose' with the court by 'changing positions based upon the exigencies of the moment.'" *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d at 400, quoting *Ergo Services, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 2000). Judicial estoppel bars plaintiffs FDCPA claims. Therefore, the amendment is futile as to both the Dean Morris defendants and the Lender Defendants.

New Orleans, Louisiana, this 18th day of October, 2010,

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE