UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT BAUER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5013** |
| **DEAN MORRIS, L.L.P., ET AL** | **SECTION "K"(2)** |

## ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of defendants Dean Morris, LLP, George B. Dean, Jr., John C. Morris, III, Charles H. Heck, Jr., and Candace A. Coutreau (referred to collectively herein after as "Dean Morris") (Doc. 159) seeking to dismiss the claims of plaintiffs Jim and Debra Bright. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

BACKGROUND

On January 27, 1998, Jim Bright executed a promissory note payable to One Stop Mortgage, Inc. for $69,700.00. Mr. Bright secured the promissory note with a mortgage on the house located at 9549 Palm Street, New Orleans, Louisiana. Debra Bright, Jim Bright's wife, did not sign the promissory note or the mortgage. Over the next several years, the promissory note and mortgage were assigned to various entities. Ultimately Ocwen Federal Bank FSB ("Ocwen") became the assignee of the note and mortgage.

At some point in 2001, Mr. Bright failed to make his monthly payment on the note and mortgage. In July 2001, Ocwen sent the loan to Dean Morris for foreclosure.[1] Following the

---

[1] Dean Morris offers no explanation for the apparent inconsistency between the fact that Ocwen referred the defaulted loan to Dean Morris in July 2001, and the fact that the Bright loan

referral, but prior to the filing of a foreclosure suit, Ocwen entered into a payment plan directly with Mr. Bright. Dean Morris received no payment from either Mr. Bright or Ocwen for its work on that referral of the defaulted loan.

When Mr. Bright failed to make the March 2002 - June 2002 payments on the note and mortgage, Dean Morris, acting on behalf of Ocwen, filed a "Petition for Executory Process" in the Civil District Court for the Parish of Orleans, seeking a writ of seizure and sale to sell the mortgaged property. Upon filing the petition for executory process, Dean Morris deposited $248.00 with the Clerk of Court and $1,200.00 with the Orleans Parish Civil Sheriff. After Dean Morris filed the suit, Ocwen reached a settlement agreement with Mr. Bright and instructed Dean Morris to halt its collection efforts and put the matter on hold.

Thereafter Mr. Bright again defaulted on his payments to Ocwen. On August 30, 2002, Gwen Dixon with Youth & Adult Enrichment Network, at the request of Mr. Bright, faxed Dean Morris a request to provide her with the "reinstatement figures good through 9-30. And Pay off amount" for Mr. Bright's property. On September 25, 2002, Dean Morris faxed an "Estimated Payoff quote for Jim & Debra Bright" to Gwen Dixon; the quote indicated that the following amounts were due:

| | |
|---|---:|
| Principal Balance | 58,808.22 |
| Interests | 1,011.25 |
| Prepayment Penalty | 2,319.69 |
| Escrow Due | 1,269.89 |
| Late Charges | 2,214.44 |
| Prior Legals (paid) | 1,674.54 |
| Breach Fee | 95.00 |
| Corporate Advance | 34.98 |
| *Sheriff Commission | 2,022.84 |

---

was not assigned to Ocwen until May 24, 2002.

    *Total          69,450.85
    *Estimates

  In December, 2002, Dean Morris amended the pending petition for executory process to, among other things, reflect a principal amount of $58,808.22 and interest due from August 1, 2002. At that time Dean Morris deposited an additional $75.00 with the Clerk of Court and an additional $1,200.00 with the Civil Sheriff. At Gwen Dixon's request, Dean Morris sent her an "Estimated reinstatement quote for Jim Bright" dated December 18, 2002, which reflected the following amounts:

| | |
|---|---:|
| Payments Due | 3,817.80 |
| Late Fees | 2,519.88 |
| Corporate Advance | 99.95 |
| Escrow | 1,822.39 |
| Paid Prior Legals | 2,002.52 |
| Attorneys Fees | 750.00 |
| *Clerk | 175.00 |
| *Sheriff | 1,200.00 |
| *Sheriff Commission | 307.88 |
| *Total | 12,695.42 |
| *Estimates | |

Doc. 159-4, Ex. 18.

  On January 27, 2003, Dean Morris issued a second "Estimated reinstatement quote for Jim Bright" stating:

| | |
|---|---:|
| Payments Due | 4,581.36 |
| Late Fees | 2,519.88 |
| Corporate Advance | 71.52 |
| Escrow | 1,822.39 |
| GE Home Protection | 119.94 |
| Paid Prior Legals | 2,036.00 |
| Attorneys Fees | 750.00 |
| Curator | 550.00 |
| *Clerk | 425.00 |
| *Sheriff | 1,200.00 |

|  |  |
|---|---|
| *Sheriff Commission | 334.53 |
| *Total | 15,610.62 |
| *Estimates | |

Doc. 159-4, Ex. 19.

Thereafter, working directly with Ocwen, Mr. Bright reached an agreement to avoid foreclosure on the loan. Mr. Bright testified that he "went and borrowed $12,000, and . . . sent it" to Ocwen. Doc. 159-4, Ex. B, p. 28. In February 2003, state court dismissed the petition for executory process at Ocwen's request. It is undisputed that Dean Morris played no role in negotiating or executing the agreement between Mr. Bright and Ocwen.

On February 17, 2005, Jim and Debra Bright, as well as a number of other plaintiffs, filed a putative class action suit against Dean Morris and various lender defendants alleging a variety of claims in the Civil District Court for the Parish of Orleans. Following two unsuccessful attempts to remove the case to federal court, the case was successfully removed to this Court in 2008. The petition alleges a class of lender defendants consisting of lenders "who used Dean Morris as their attorney, agent, and/or employee, and for whom or during the representation of whom Dean Morris charged and/or collected excessive fees and/or expenses from members of the Plaintiff Class." Fourth Supplemental and Amending Petition for Damages, ¶ IX. The petition further alleges that "Dean Morris, acting as the attorney, agent, and/or employee of all of the Lender Defendants instituted collection and/or foreclosure proceedings against the named plaintiffs . . . for sums alleged to be due under mortgages held by the Lender Defendants[]" and that Dean Morris "overstated to the named plaintiffs and to members of the Plaintiff Class the amount of court costs, sheriff's fees, attorney's fees and/or other expenses, thus impairing the rights of and causing harm to plaintiffs and members of the Plaintiff Class *Id,* at ¶ X, ¶ XI. Plaintiffs also allege that "[t]he

Lender Defendants' obligations under the mortgage and related agreements were non-delegable such that the Lender Defendants are liable for the acts and omissions of their attorney, with respect to these obligations." *Id.* at ¶ XIV.  Plaintiffs allege the following causes of action:

- conversion;
- unjust enrichment;
- intentional misrepresentation and fraud;
- negligent misrepresentation;
- breach of contract; and
- civil conspiracy.

While the suit remained pending in state court, the state district judge dismissed plaintiffs' negligence claims against Dean Morris.  Dean Morris now seeks summary judgment on all of the Brights' remaining claims.

## Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996),  citing  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).  When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986);  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th

Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

Intentional Misrepresentation and Fraud

To establish a claim for intentional misrepresentation a plaintiff must prove: "(1) a misrepresentation of a material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury." *Systems Engineering and Security, Inc. v. Science & Engineering Associates, Inc.*, 962 So.2d 1089, 1091(La. App. 4th Cir. 2007) (internal quotation and citation omitted). Plaintiffs urge that the December 18, 2002 and January 27, 2003 "Estimated reinstatement quotes" reflect "inflation of the fees and costs."

Plaintiffs have produced no competent summary judgment evidence demonstrating that Mr. Bright relied on the alleged overcharges and sustained damage by relying on the allegedly inflated figures provided by Dean Morris. Because plaintiffs have not submitted any evidence raising a

6

genuine issue of material fact with respect to Mr. Bright's reliance on the overcharges and damage resulting from that reliance, Dean Morris is entitled to summary judgment on plaintiffs' claims of intentional misrepresentation.

Dean Morris is similarly entitled to summary judgment on the Brights' claim of fraud. "Fraud is a misrepresentation or a suppression of the truth made with the intention to either obtain an unjust advantage for one party or to cause a loss or inconvenience to another. Fraud may also result from silence or inaction." La. Civ. Code art. 1953. An action for fraud requires: "(1) a misrepresentation of material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury." *Gonzales v. Gonzales*, 20 F.3d 557, 563 (La. App. 4th Cir. 2009). Because the elements of fraud are virtually identical to those necessary to establish a claim of intentional misrepresentation, Dean Morris is entitled to summary judgment on the fraud claim for the same reasons articulated herein above with respect to the claim for intentional misrepresentation.

### Conversion Claim

"[C]onversion is a tort consisting of wrongfully depriving a person of possession of his property. The fault may be either the original wrongful acquisition or the subsequent wrongful detention of possession. But, there must be either a wrongful taking or a wrongful detention. " *Oge v. Resolute Insurance Company*, 217 So.2d 738, 740-741 (La. App. 3rd Cir. 1969), citing *Import Sales, Inc. v. Lindeman*, 92 So.2d 574 (1957). Dean Morris has submitted evidence establishing that it did not receive any money directly from the Brights and received a total of $1,965.90 in attorney's fees from Ocwen for it efforts in connection with Mr. Bright's loan.[2]   Doc. 159-4.

---

[2] The affidavit of John C. Morris, III and George B. Dean, Jr. itemizes the work performed by Dean Morris for Ocwen in connection with Mr. Bright's loan.

Plaintiffs have not submitted any evidence indicating that funds provided by them to Ocwen were used to pay Dean Morris's attorneys fees, nor have plaintiffs provided any evidence raising a genuine issue of material fact on the issue of whether Dean Morris wrongfully deprived the Brights of any property. Therefore, Dean Morris is entitled to summary judgment on plaintiffs' conversion claim.

Unjust Enrichment

Article 2298 of the Louisiana Civil Code provides, in pertinent part, that:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. . . . The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The requisite elements of a claim for unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other available remedy at law. *Baker v. Maclay Props. Co.*, 648 So.2d 888, 897 (La. 1995). "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Walters v. MedSouth Record Management, LLC*, 38 So. 3rd 243, 244 (La. 2010), quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La. App. 1st. Cir. 1988). In *Walters* the Louisiana Supreme Court concluded that because plaintiff had pleaded a delictual action, plaintiff was "precluded from seeking to recover under unjust enrichment." *Id.* The Court further opined, "[m]oreover, we find it of no moment that plaintiff's tort claims have been held to be prescribed. The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.* "[T]he existence of a claim on an express or implied contract

precludes application of *actio de in rem verso*, for there does not exist one of the latter's requirements, that there be no other remedy available at law (subidiarity)." *Morphy, Makofsky, & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 572 (La. 1989).

Dean Morris seeks summary judgment on this claim urging that because plaintiffs have other remedies available, they cannot state a claim for unjust enrichment. Defendants' contention is well founded. The Brights had other remedies available to them, e.g., intentional misrepresentation. The fact that plaintiffs failed to prevail on that claim does not negate the fact that such a remedy was available to them. The availability of an alternative remedy bars plaintiffs' claim for unjust enrichment. Dean Morris is entitled to summary judgment on plaintiffs' claim of unjust enrichment.

### Civil Conspiracy

Article 2324A of the Louisiana Civil Code provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable *in solido*, with that person, for the damage caused by such act." However, it is well recognized that Article 2324 does not itself "impose liability for a civil conspiracy." *Ross v. Conoco, Inc.*, 828 So.2d 546, 552 (La. 2002). Rather, "[t]he actionable element in a claim under [Article 2324] is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetuate and which they commit in whole or in part." *Id.* (internal quotation and citation omitted). As noted herein above, the Brights have failed to establish a genuine issue of material fact with respect to a tort claim against Dean Morris. Because Dean Morris is entitled to summary judgment on all of plaintiffs' underlying tort claims, there can be no predicate tort claim for plaintiffs' civil conspiracy claim. Therefore, Dean Morris is also entitled to summary judgment on the civil conspiracy claim.

Moreover, even assuming *arguendo* that the Brights had raised a genuine issue of material

9

fact with respect to a predicate tort offense, Dean Morris would nonetheless still be entitled to summary judgment on this claim. To establish a conspiracy, plaintiff must produce evidence of an agreement between the parties. *Legier and Matherne, APAC v. Great Plains Software, Inc*., 2005 WL 1431666, *8 (E.D. La. May 31, 2005).

> Article 2324(A) requires a meeting of the minds or collusion between the parties for the purpose of committing wrongdoing. Evidence of such a conspiracy can be by actual knowledge of both parties or over actions with one another, or that can be inferred from the knowledge of the alleged co-conspirator of the impropriety of the actions taken by the other co-conspirator.

*Id.* (internal quotation and citation omitted).

Plaintiffs do not offer any specific evidence to establish the agreement to commit the tort. Rather they state only that:

> the conspirators are the attorneys who worked at Dean Morris and the law firm itself. The 1442 deposition of Dean Morris clearly shows that the overstatements of fees and costs in reinstatements proposals was pervasive and intentional, and that both attorneys and non-legal employees of the Dean Morris firm were involved.

Doc. 257, p. 7. Despite the reference to the Dean Morris corporate deposition, plaintiffs do not identify any specific deposition testimony establishing the requisite agreement. The deposition testimony indicates that Dean Morris in preparing reinstatement proposals estimated costs, but it does not include testimony establishing that lawyers within the firm agreed to overcharge borrowers for attorneys fees and costs. In the absence of evidence of an agreement to commit an underlying tort, Dean Morris is entitled to summary judgment on the civil conspiracy claim.

### Breach of Contract

The petition alleges that "Dean Morris' actions on behalf of the Lender Defendants violated

provisions of the mortgage and related agreements between plaintiffs and the Lender Defendants." *Bauer v. Dean Morris*, Fourth Supplemental and Amending Petition for Damages, ¶ XIV. Under Louisiana law, "[t]o assert a cause of action for breach of contract, the [plaintiff] must prove both the existence of a contract and privity." *Terrebonne Parish School Board v. Mobil Oil Corporation*, 310 F.3d 870, 888 (5th Cir. 2002).

Dean Morris moves for summary judgment on the breach of contract claim contending that the claim fails because there is no contract between Dean Morris and the Brights. Plaintiffs do not address this claim other than including as a "Statement of Additional Uncontested Material Facts" that "Plaintiff was a beneficiary of the contracts." Doc. 227-1, p. 3, No. 10. Plaintiffs however submitted no evidence concerning the contract under which they claim to either be a party or a third party beneficiary. In fact, plaintiffs did not even identify the contract relied upon, although presumably it would be the contract between Dean Morris and Ocwen concerning Dean Morris's handling of residential foreclosure actions and activities on behalf of Ocwen. Absent evidence of the contract relied upon, plaintiffs cannot raise a genuine issue of material fact on their breach of contract claim, and Dean Morris is entitled to summary judgment. Accordingly, the Court GRANTS Dean Morris's motion for summary judgment and dismisses all of plaintiffs' claims against it.[3]

New Orleans, Louisiana, this 30th day of March, 2011.

---

[3] In moving for summary judgment Dean Morris urged several affirmative defenses to plaintiffs' claims, i.e., prescription, voluntary payment, inability to sue an adversary's attorney, and fault of a third party. Having concluded for the reasons stated herein above that Dean Morris is entitled summary judgment on plaintiffs' claims, the Court need not address those affirmative defenses

11

                                                                                                             *[signature]*

                                                          STANWOOD R. DUVAL, JR.
                                                      UNITED STATES DISTRICT JUDGE