## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT BAUER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5013** |
| **DEAN MORRIS, L.L.P., ET AL** | **SECTION "K"(2)** |

## <u>ORDER AND OPINION</u>

Before the Court is the "Motion for Summary Judgment" filed on behalf of defendants Dean Morris, LLP, George B. Dean, Jr.,  John C. Morris, III, Charles H. Heck, Jr., and Candace A. Coutreau  (referred to collectively herein after as "Dean Morris") (Doc. 188) seeking to dismiss all claims of plaintiff Lionel Coleman against Dean Morris.   Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS  the motion.

### BACKGROUND

On July 13, 2001, Lionel Coleman executed a promissory note payable to Delta Funding Corporation for $22,100.00. Mr. Coleman secured the promissory note with a mortgage on property located at 112-114 Ivy Place, Houma, Louisiana. (Doc. 188-3, Ex.1, 2).   In 2004, Delta Funding Corporation assigned the  mortgage to Wells Fargo Bank, Minnesota, NA as Trustee for Delta Funding Home Equity Loan Trust 2001- 2 c/o Ocwen Federal Bank, FSB as Servicing Agent ("Ocwen"). (Doc. 188-3, Ex. 2).

At some point in 2002, Mr. Coleman failed to make his monthly payment on the note and mortgage. On April 25, 2002, the loan was referred to Dean Morris for foreclosure.[1]  Following the

---

[1] Dean Morris offers no explanation for the apparent inconsistency between the fact that Ocwen referred the defaulted loan to Dean Morris in April 2002,  and the fact that the Coleman

referral, but prior to the filing of a foreclosure suit,  Dean Morris received instructions to place the

foreclosure on hold due to forbearance and thereafter advised Dean Morris to "stop the foreclosure

for reinstatement."  Doc. 188-2, Ex. A.

When Mr. Coleman failed to make the April 2004 and subsequent payments on the note and

mortgage,  Dean Morris, acting on behalf of Ocwen, filed a "Petition to Enforce Security Interest

by Executory Process" in the 32nd District Court for the Parish of Terrebonne, seeking, among other

things,  a writ of seizure and sale to sell the mortgaged property. Upon filing the petition for

executory process, Dean Morris deposited $225.00 with the Clerk of Court and $500.00 with the

Terrebonne Parish Sheriff's Office.  On October 6, 2004, Mr. Coleman requested a reinstatement

proposal from Dean Morris.   On October 27, 2004, Dean Morris sent  Mr. Coleman  a

"Reinstatement Proposal"  indicating the following amounts :

| | |
|---|---|
| Payments Due | 1,871.84 |
| Late Charges | 70.20 |
| Property Inspections | 597.34 |
| Other Fees | 18.55 |
| Unapplied Funds | -18.10 |
| Foreclosure Attorneys Fees and Costs | 1,951.19 |
| Total | 4,491.02 |

Doc. 188-5, Ex. 2.

In November 2004, Mr. Coleman, working directly with Ocwen, entered into a forbearance

agreement under which he agreed to pay $2,643.13 to reinstate his loan.  Doc. 188-6, Ex. C, p. 96-

99.  It  undisputed that Dean Morris played no role in negotiating or executing the agreement

between Mr. Coleman and Ocwen.

Thereafter on February 25, 2005, Ocwen directed Dean Morris to again proceed with

--------

loan was not assigned to Ocwen as the servicing agent until February 11, 2004.

foreclosure.  However, on July 27, 2005, Dean Morris was again instructed to halt the foreclosure proceedings, and Dean Morris did so. It is undisputed that Mr. Coleman never paid any money to Dean Morris.

Thereafter on December 1, 2004, Ocwen instructed Dean Morris to place the Coleman file "on hold for forbearance."  Doc. 188-4, Affidavit of George B. Dean. Jr. and John C. Morris, III. On February 17, 2005, Mr. Coleman, as well as a number of other plaintiffs, filed a putative class action suit against Dean Morris and various lender defendants alleging a variety of claims in the Civil District Court for the Parish of Orleans.  Following two unsuccessful attempts to remove the case to federal court, the case was successfully removed to this Court in 2008.  The petition alleges a class of lender defendants consisting of lenders "who used Dean Morris as their attorney, agent, and/or employee, and for whom or during the representation of whom Dean Morris charged and/or collected excessive fees and/or expenses from members of the Plaintiff Class."  Fourth Supplemental and Amending Petition for Damages,  ¶ IX.  The petition further alleges that "Dean Morris, acting as the attorney, agent, and/or employee of all of the Lender Defendants instituted collection and/or foreclosure proceedings against the named plaintiffs . . . for sums alleged to be due under mortgages held by the Lender Defendants[]" and that Dean Morris "overstated to the named plaintiffs and to members of the Plaintiff Class the amount of court costs, sheriff's fees, attorney's fees and/or other expenses, thus impairing the rights of and causing harm to plaintiffs and members of the Plaintiff Class  *Id,* at ¶ X, ¶ XI.  Plaintiffs also allege that "[t]he Lender Defendants' obligations under the mortgage and related agreements were non-delegable such that the Lender Defendants are liable for the acts and omissions of their attorney, with respect to these obligations."  *Id.* at ¶ XIV.  The petition seeks damages under the following causes of action:

3

- conversion;
- unjust enrichment;
- intentional misrepresentation and fraud;
- negligent misrepresentation;
- breach of contract; and
- civil conspiracy.

While the suit remained pending in state court, the state district judge dismissed plaintiff's negligence claims against Dean Morris. Dean Morris now seeks summary judgment on all of Mr. Coleman's remaining claims.

Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

 "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497

4

F.3d 536, 538 (5ᵗʰ Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct.

2505, 91 L.Ed.2d 202 (1986).  Summary judgment evidence must be "viewed in the light most

favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex*

*rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5ᵗʰ Cir. 2001), citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions
> cannot defeat a motion for summary judgment.  The Court has no
> duty to search the record for material fact issues.  Rather, the party
> opposing the summary judgment is required to identify specific
> evidence in the record and to articulate precisely how this evidence
> supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5ᵗʰ Cir. 2010).

Intentional Misrepresentation and Fraud

Because all of the claims alleged by plaintiff assert Louisiana state law claims, the Court

applies Louisiana substantive law in analyzing the claims.  To establish a claim for intentional

misrepresentation a plaintiff must prove: "(1) a misrepresentation of a material fact, (2) made with

the intent to deceive, (3) causing justifiable reliance with resulting injury." *Systems Engineering*

*and Security, Inc. v. Science & Engineering Associations, Inc*., 962 So.2d 1089, 1091(La. App. 4ᵗʰ

Cir. 2007) (internal quotation and citation omitted).  Plaintiff urges that the October 27, 2004

"Reinstatement Proposal" reflects  "inflation of the fees and costs."

Plaintiff has not  produced any competent summary judgment evidence demonstrating that

Mr. Coleman  relied on the alleged overcharges and  sustained damage due to his reliance on the

allegedly inflated figures.  Although it is clear that on November 29, 2004, Mr. Coleman paid

$771.29 more to reinstate his loan than the amount of principal and interest reflected on the October

27, 2004 "Reinstatement Proposal,"  plaintiff has submitted no evidence establishing what costs

5

were included in the $771.29 difference and what misrepresentation Dean Morris made with respect to that amount. Because plaintiff has failed to submit any evidence raising a genuine issue of material fact with respect to Mr. Coleman's reliance on the alleged overcharges and damage resulting from that reliance, Dean Morris is entitled to summary judgment on plaintiff's claim of intentional misrepresentation.

Dean Morris is similarly entitled to summary judgment on Mr. Coleman's claim of fraud. "Fraud is a misrepresentation or a suppression of the truth made with the intention to either obtain an unjust advantage for one party or to cause a loss or inconvenience to another. Fraud may also result from silence or inaction." La. Civ. Code art. 1953. An action for fraud requires: "(1) a misrepresentation of material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury." *Gonzales v. Gonzales*, 20 F.3d 557, 563 (La. App. 4th Cir. 2009). Because the elements of fraud are virtually identical to those necessary to establish a claim of intentional misrepresentation, Dean Morris is entitled to summary judgment on the fraud claim for the same reasons articulated with respect to the claim for intentional misrepresentation.

Conversion Claim

"[C]onversion is a tort consisting of wrongfully depriving a person of possession of his property. The fault may be either the original wrongful acquisition or the subsequent wrongful detention of possession. But, there must be either a wrongful taking or a wrongful detention. " *Oge v. Resolute Insurance Company*, 217 So.2d 738, 740-741 (La. App. 3rd Cir. 1969), citing *Import Sales, Inc. v. Lindeman*, 92 So.2d 574 (1957). Dean Morris has submitted evidence establishing that it did not receive any money from Mr. Coleman. Doc. 159-4. Plaintiff has not submitted any evidence indicating that funds he provided to Ocwen were paid to Dean Morris as attorneys fees,

6

nor has Mr. Coleman provided any evidence raising a genuine issue of material fact concerning whether Dean Morris wrongfully deprived Mr. Coleman of any property. Therefore, Dean Morris is entitled to summary judgment on plaintiff's conversion claim.

Unjust Enrichment

Article 2298 of the Louisiana Civil Code provides, in pertinent part, that:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. . . . The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The requisite elements of a claim for unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other available remedy at law. *Baker v. Maclay Props. Co.*, 648 So.2d 888, 897 (La. 1995). "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Walters v. MedSouth Record Management, LLC*, 38 So. 3rd 243, 244 (La. 2010), quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La. App. 1st. Cir. 1988).

Dean Morris seeks summary judgment on the unjust enrichment claim urging that because plaintiff has other remedies available, he cannot state a claim for unjust enrichment. Defendant's contention is well founded. Mr. Coleman had other remedies available to him, e.g., intentional misrepresentation. In *Walters v. MedSouth Record Management, LLC* the Louisiana Supreme Court concluded that because plaintiff had pleaded a delictual action, plaintiff was "precluded from seeking to recover under unjust enrichment." *Id.* The Court further opined, "[m]oreover, we find it of no moment that plaintiff's tort claims have been held to be prescribed. The mere fact that a

7

plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.*   Similarly, "the existence of a claim on an express or implied contract precludes application of *actio de in rem verso*, for there does not exist one of the latter's requirements, that there be no other remedy  available at law (subidiarity)." *Morphy, Makofsky, & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569, 572 (La. 1989).  That Mr. Coleman  failed to prevail on the other available remedies does not negate the fact that such remedies were available to him.  The availability of an alternative remedy bars Mr. Coleman's claim for unjust enrichment.   Therefore, the Court grants Dean Morris summary judgment on plaintiff's claim of unjust enrichment.

Civil Conspiracy

Article 2324A of the Louisiana Civil Code  provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable in solido, with that person, for the damage caused by such act."   However, it is well recognized that Article 2324 does not itself "impose liability for a civil conspiracy."   Ross v. Conoco, Inc., 828 So.2d 546, 552 (La. 2002).  Rather, "[t]he actionable element in a claim under [Article 2324] is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetuate and which they commit in whole or in part." Id. (internal quotation and citation omitted).  As noted herein above, Mr. Coleman has failed to establish a genuine issue of material fact with respect to a tort claim against Dean Morris.  Because Dean Morris is entitled to summary judgment on all of plaintiff's underlying tort claims, there can be no predicate tort claim for plaintiff's civil conspiracy claim.  Therefore, Dean Morris is also entitled to summary judgment on the civil conspiracy claim.

Moreover, even assuming arguendo that Mr. Coleman had raised a genuine issue of material

8

fact with respect to a predicate tort offense, Dean Morris would nonetheless still be entitled to summary judgment on this claim.  To establish a conspiracy, plaintiff must produce evidence of an agreement between the parties.  Legier and Matherne, APAC v. Great Plains Software, Inc., 2005 WL 1431666, *8 (E.D. La. May 31, 2005).

> Article 2324(A) requires a meeting of the minds or collusion between the parties for the purpose of committing wrongdoing.  Evidence of such a conspiracy can be by actual knowledge of both parties or over actions with one another, or that can be inferred from the knowledge of the alleged co-conspirator of the impropriety of the actions taken by the other co-conspirator.

Id.  (internal quotation and citation omitted).  Plaintiff  does not offer any specific evidence to establish the requisite agreement to commit a tort.  In the absence of  evidence of an agreement to commit an underlying tort, Dean Morris is entitled to summary judgment on this claim.

### Breach of Contract

The petition  alleges that "Dean Morris' actions on behalf of the Lender Defendants violated provisions of the mortgage and related agreements between plaintiffs and the Lender Defendants." *Bauer v. Dean Morris*, Fourth Supplemental and Amending Petition for Damages, ¶ XIV.   Under Louisiana law, "[t]o assert a cause of action for breach of contract, the [plaintiff] must prove both the existence of a contract and privity." *Terrebonne Parish School Board v. Mobil Oil Corporation*, 310 F.3d 870, 888 (5th Cir. 2002).

Dean Morris contends  that the claim must fail  because there is no contract between Dean Morris and Mr. Coleman.  Plaintiff  does not address this claim other than including in the "Statement of Material Facts as to Which There Exists a Genuine Issue to be Tried" the statement "[p]laintiffs' status as Third Party beneficiaries to the contract with the "allowable fees schedule." Doc. 224-6.  Plaintiff however submitted no evidence concerning the contract under which he claims

to either be a party or a third party beneficiary.  In fact,  plaintiff failed to identify the contract relied

upon, although presumably it would be the contract between Dean Morris and Ocwen concerning

Dean Morris's handling of residential foreclosure actions and activities on behalf of Ocwen.  Absent

evidence of the contract relied upon, plaintiff cannot raise a genuine issue of material fact on his

breach of contract claim, and Dean Morris is entitled to summary judgment.  Accordingly, the Court

GRANTS Dean Morris's motion for summary judgment and dismisses all plaintiff's claims against

Dean Morris.[2]

New Orleans, Louisiana, this 30th day of March, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In moving for summary judgment Dean Morris urged several affirmative defenses to plaintiffs' claims, i.e.,  inability to sue an adversary's attorney, waiver, and nullity.  Having concluded for the reasons stated herein above that Dean Morris is entitled summary judgment on plaintiffs' claims, the Court need not address those affirmative defenses