UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT BAUER, ET AL**                                        **CIVIL ACTION**

**VERSUS**                                                     **NO. 08-5013**

**DEAN MORRIS, L.L.P., ET AL**                                 **SECTION "K"(2)**

## ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of defendants Dean Morris, LLP, George B. Dean, Jr., John C. Morris, III, Charles H. Heck, Jr., and Candace A. Coutreau (referred to collectively herein after as "Dean Morris") (Doc. 197) seeking to dismiss all claims of plaintiff Salome Lucineo Boyd against Dean Morris.[1] Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

### BACKGROUND

On January 25, 1994, Marlene D. Lucineo and Alton J. Lucineo, Sr. executed a promissory note payable to Guaranty Mortgage Corporation for $44,697.00. (Doc. 164 A1). The Lucineos secured the promissory note with a mortgage on property located at 14719 Emory Road, New Orleans, Louisiana. (Id.). That same day Guaranty Mortgage Corporation assigned the note and mortgage to Troy & Nichols, Inc. (Id.). Chase Home Finance, LLC ("Chase") ultimately became the assignee of the loan; Chase also serviced the loan. Mr. Lucineo purchased and maintained a

---

[1] In urging its motion for summary judgment, Dean Morris adopts the memoranda and exhibits filed by Chase Home Finance, L.L.C., (Doc. 164) with respect to the facts and the procedural posture of the case as well as Chase Home Finance, L.L.C.'s contention that plaintiff's tort claims should be dismissed because she sustained no damages. (Doc. 197, p. 1. 5).

mortgage life insurance policy with Monumental Life and Health Insurance ("Monumental"). (Doc. 164, Ex. B, Depo. of Salome Lucineo Boyd, p. 76-80).

Mrs. Lucineo died in August 2003, and in May 2004 Mr. Lucineo died. Plaintiff concedes that no monthly payments were made on the loan after May 2004. (Id. at p. 73).

Chase retained Dean Morris, LLP to represent it in a foreclosure proceeding on the Lucineo property. On October 25, 2004, counsel for the heirs of the Mr. Lucineo advised Dean Morris that there was a mortgage life insurance policy on the Lucineo property and requested that Dean Morris not proceed with the foreclosure. (Doc. 219, Ex. 2). Thereafter on November 5, 2004, Alton J. Lucineo, Jr., Salome Lucineo Boyd, and Jennifer Lucineo sent a letter to Monumental stating that they were the heirs of Alton J. Lucineo, Sr. and Marlene D. Lucineo and requesting "that one check be issued immediately and made payable to Salome Lucineo Boyd . . . ."; enclosed with the letter was a copy of the judgment in the succession proceeding  (Doc. 164, Ex. C, Chase Ex. 18). At some point thereafter Ms. Boyd received the insurance proceeds from Monumental. (Doc. 164, Ex. B, p. 95). There is no evidence indicating the amount paid by Monumental.

On November 18, 2004, Dean Morris filed a "Petition for Executory Process" in the Civil District Court for the Parish of Orleans, seeking, among other things, a writ of seizure and sale to sell the mortgaged property. (Doc. 164, Ex. C, Chase Exhibit 16). That same day, Dean Morris provided "payoff" information on the Lucineo loan reflecting the following amounts:

| | |
|---|---:|
| Principal Balance | 18,632.21 |
| Interest | 698.71 |
| Late Charges | 80.06 |
| Escrow Deficit | 561.29 |
| Property Inspections | 40.00 |
| Foreclosure Attorney's Fees and Costs | 4,257.37 |
| TOTAL | 24,269.64 |

(Doc. 219, Ex. 3). Additionally, the payoff proposal states:

> The lender reserves the right to demand additional funds to correct any error or omission in these figures made in good faith, whether mathematical, clerical, typographical, or otherwise and to reflect any transactions that may occur on or subsequent to the date of this payoff statement. THE FORECLOSURE PROCEEDING WILL CONTINUE UNTIL THE FUNDS ARE RECEIVED BY DEAN MORRIS, L.L.P.

(Id.). No payment was made to Dean Morris in response to the payoff statement.

Thereafter on January 7, 2005, Chase sent Ms. Boyd a "Breakdown of Amount Owed" reflecting a balance due of $25,227.25, including "Foreclosure Attorney Fees" of $4,899.98. (Doc. 219, Ex. 6). Ms. Boyd then sent Chase a certified check for the full amount represented by Chase as owed. (Doc. 164, Ex.C, Chase Ex. 22). Ms. Boyd testified at her deposition that the funds came from "Estate account" (Doc. 164, Ex. B, Depo. of Salome Lucineo Boyd, p. 191). Two weeks after Ms. Boyd sent Chase the payoff funds, Chase refunded to the Estate of Alton Lucineo/Estate of Marlene D. Lucineo $2,935.21. (Doc. 164, Ex. A7). Chase provided no breakdown for the amount refunded. Shortly thereafter on February 1, 2005, Chase refunded an additional $980.18 to the Estate of Alton Lucineo/Estate of Marlene D. Lucineo representing surplus escrow funds. (Doc. 164, Ex. A8). In May 2006, Dean Morris received a refund of $332.94 in costs from the Civil Sheriff which Dean Morris refunded to Chase in June 2006. (Doc. 164, Ex. A, ¶ 17, Ex. E). Chase retained those proceeds. (Id.).

On February 17, 2005, Ms. Boyd,[2] as well as a number of other plaintiffs, filed a putative

---

[2] After Ms. Boyd filed suit, the state judge signed an order recognizing Ms. Boyd "as rightful heir to her deceased father Alton J. Lucineo, Sr. and that she is a class representative on behalf of the estate of her deceased father Alton J. Lucineo, Sr., including her interest and the interests of her two siblings Jennifer Ann Lucineo and Alton Joseph Lucineo, Jr." (Doc. 219, Ex. 1).

class action suit against Dean Morris and various lender defendants alleging a variety of claims in the Civil District Court for the Parish of Orleans. Following two unsuccessful attempts to remove the case to federal court, a defendant successfully removed the suit to this Court in 2008. The petition alleges a class of lender defendants consisting of lenders "who used Dean Morris as their attorney, agent, and/or employee, and for whom or during the representation of whom Dean Morris charged and/or collected excessive fees and/or expenses from members of the Plaintiff Class." Fourth Supplemental and Amending Petition for Damages, ¶ IX. The petition further alleges that "Dean Morris, acting as the attorney, agent, and/or employee of all of the Lender Defendants instituted collection and/or foreclosure proceedings against the named plaintiffs . . . for sums alleged to be due under mortgages held by the Lender Defendants[]" and that Dean Morris "overstated to the named plaintiffs and to members of the Plaintiff Class the amount of court costs, sheriff's fees, attorney's fees and/or other expenses, thus impairing the rights of and causing harm to plaintiffs and members of the Plaintiff Class *Id,* at ¶ X, ¶ XI. Plaintiffs also allege that "[t]he Lender Defendants' obligations under the mortgage and related agreements were non-delegable such that the Lender Defendants are liable for the acts and omissions of their attorney, with respect to these obligations." *Id.* at ¶ XIV. The petition seeks damages under the following causes of action:

- conversion;
- unjust enrichment;
- intentional misrepresentation and fraud;
- negligent misrepresentation;
- breach of contract; and
- civil conspiracy.

While the suit remained pending in state court, the state district judge dismissed plaintiffs' negligence claims against Dean Morris. Dean Morris now seeks summary judgment on all of Ms. Boyd's remaining claims.

Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996),  citing  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).  When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986);  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

 "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson  v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions
> cannot defeat a motion for summary judgment.  The Court has no

> duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

### Intentional Misrepresentation and Fraud

Because all of the claims alleged by plaintiff assert Louisiana state law claims, the Court applies Louisiana substantive law in analyzing the claims. To establish a claim for intentional misrepresentation a plaintiff must prove: "(1) a misrepresentation of a material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury." *Systems Engineering and Security, Inc. v. Science & Engineering Associations, Inc*., 962 So.2d 1089, 1091(La. App. 4th Cir. 2007) (internal quotation and citation omitted).

Plaintiff asserts that the Reinstatement and Loan Payoff Proposals issued by Dean Morris included inflated attorneys fees and costs. With respect to the November 18, 2004, payoff proposal issued by Dean Morris, plaintiff has not produced any competent summary judgment evidence demonstrating that she relied on the alleged overcharges and sustained damage due to her reliance on the allegedly inflated figures in that proposal. There is no evidence that Ms. Boyd made any payment to Dean Morris or Chase in response to that proposal. Because plaintiff has failed to submit any evidence raising a genuine issue of material fact with respect to her reliance on the alleged overcharges and damage resulting from that reliance, with respect to the November 18, 2004 payoff proposal, Dean Morris is entitled to summary judgment on plaintiff's claim of intentional misrepresentation with respect to that proposal.

Dean Morris is also entitled to summary judgment on plaintiff's claim of intentional misrepresentation related to the January 7, 2005 payoff proposal. Plaintiff has failed to provide

competent summary judgment evidence raising a genuine issue that she sustained damages due to her reliance on that proposal.  As noted previously, the payoff statement included a representation of "Foreclosure Attorney Fees" in the amount of $4,899.98.  Within two weeks of Ms. Boyd sending Chase with the requested amount of payoff funds, Chase refunded $2,935.21 to the Lucineo estate and less than two weeks after that Chase refunded an additional $980.18 to the estate.  Thus, the Lucineo estate received a total refund of $3,915.39.  When that amount is credited against the "Foreclosure Attorney Fees" assessed in the payoff proposal, the amount paid by Ms. Boyd for foreclosure fees was $984.59.  Chase submitted undisputed evidence documenting that the Civil Sheriff's fees for the Lucineo foreclosure proceeding totaled $1,656.61, an amount considerably greater than the actual foreclosure fees paid by Ms. Boyd.  (Doc. 164, Ex. E).   Considering the refunds made to plaintiff by Chase, there is no competent summary judgment evidence that plaintiff sustained monetary damages.  The Court acknowledges that Ms. Boyd lost the use of the money ultimately refunded to her by Chase, but notes that plaintiff submitted no evidence reflecting that Ms. Boyd incurred any damages due to the loss of the use of that money.  Moreover, given the limited time during which Ms. Boyd was deprived of the loss of the use of the funds and the amount of the funds involved, it is inconceivable that her damages would have exceeded the $672.02 difference between the foreclosure fees ultimately paid by her and the $1,656.61 in actual Sheriff's costs incurred during the foreclosure proceedings.  Therefore, the Court concludes that plaintiff has failed to raise a genuine issue of material fact with respect to monetary damages.

      Plaintiff asserts that she sustained emotional damages due to the alleged misrepresentations. Ms. Boyd has not cited any authority addressing the standard for awarding emotional damages for intentional misrepresentation, nor has the Court located any such authority.  In the absence of such

authority, the Court concludes that a claim for emotional damages for an intentional misrepresentation is analogous to a claim for damages from a negligent or an intentional infliction of emotional distress, and that the same test should apply in determining whether a plaintiff is entitled to recover such damages.

Louisiana tort principles permit recovery for damages for negligent or intentional infliction of emotional distress unaccompanied by physical injury "only in special circumstances which serve to guarantee against spurious claims. Accordingly, we have held that only one who by extreme and outrageous conduct intentionally or negligently causes severe emotional distress to another is subject to liability for such damages. Minimal and normal inconvenience is not compensable." *Arco Oil & Gas Company v. DeShazer*, 728 So.2d 841, 844 (La. 2009); citing *White v. Monsanto Co.*, 585 So.2d 1205 (La. 1991). Plaintiff has not submitted any evidence that she sustained a physical injury. Moreover, Ms. Boyd has not presented sufficient evidence to raise a genuine issue of material fact concerning whether she sustained "severe emotional distress." At her deposition Ms. Boyd testified that dealing with the foreclosure proceedings "added grief" to what was already a "rough time" in her life due to the death of her father. (Doc. 216, Ex. 10, p. 148). She also testified that "]i]t was very stressful," that "we were very anxious," and that "it was just the stress and that. It was just all the stress and anxiety that we were caused from having to deal with this, feeling that we had done the right thing and this just kept coming at us."  (Doc. 216, p. 164-165). That testimony is insufficient to raise a genuine issue of material fact under the stringent test of *Arco*. Thus, Dean Morris is entitled to summary judgment on plaintiff's claim of intentional misrepresentation.

Dean Morris is similarly entitled to summary judgment on Ms. Boyd's claim of fraud. "Fraud is a misrepresentation or a suppression of the truth made with the intention to either obtain an unjust

advantage for one party or to cause a loss or inconvenience to another.  Fraud may also result from silence or inaction." La. Civ. Code art. 1953.  An action for fraud requires: "(1) a misrepresentation of material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury."  *Gonzales v. Gonzales*, 20 F.3d 557, 563 (La. App. 4th Cir. 2009).  Because the analysis of the damages issue on the fraud claim is identical to that articulated in connection with plaintiff's claim for intentional misrepresentation, Dean Morris is entitled to summary judgment on plaintiff's fraud claim.

## Conversion Claim

"[C]onversion is a tort consisting of wrongfully depriving a person of possession of his property.  The fault may be either the original wrongful acquisition or the subsequent wrongful detention of possession.  But, there must be either a wrongful taking or a wrongful detention. " *Oge v. Resolute Insurance Company*, 217 So.2d 738, 740-741 (La. App. 3rd Cir. 1969), citing *Import Sales, Inc. v. Lindeman*, 92 So.2d 574 (1957).  Plaintiff has not provided any evidence that she ever paid any money to Dean Morris.  Considering the undisputed evidence that plaintiff made no payment to Dean Morris, plaintiff has failed to raise a genuine issue of material fact concerning whether  Dean Morris wrongfully deprived her of any property.  Nor has plaintiff submitted any competent summary judgment evidence indicating that Dean Morris wrongfully detained any of plaintiff's property.  Therefore, summary judgment dismissing this claim is appropriate.

## Unjust Enrichment

Article 2298 of the Louisiana Civil Code provides, in pertinent part,  that:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. . . . The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a

9

contrary rule.

The requisite elements of a claim for unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other available remedy at law. *Baker v. Maclay Props. Co.*, 648 So.2d 888, 897 (La. 1995). "The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" *Walters v. MedSouth Record Management, LLC*, 38 So. 3rd 243, 244 (La. 2010), quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La. App. 1st Cir. 1988).

Dean Morris moves for summary judgment on this claim urging that because plaintiff has other remedies available to her, she cannot state a claim for unjust enrichment. Defendant's contention is well founded. Other remedies are, in fact, available to plaintiff, e.g., intentional misrepresentation. In *Walters v. MedSouth Record Management, LLC* the Louisiana Supreme Court concluded that because plaintiff had pleaded a delictual action, plaintiff was "precluded from seeking to recover under unjust enrichment." *Id.* The Court further opined, "[m]oreover, we find it of no moment that plaintiff's tort claims have been held to be prescribed. The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id.* Similarly, "the existence of a claim on an express or implied contract precludes application of *actio de in rem verso*, for there does not exist one of the latter's requirements, that there be no other remedy available at law (subsidiarity)." *Morphy, Makofsky, & Masson, inc. v. Canal Place 2000*, 538 So.2d 569, 572 (La. 1989). That Ms. Boyd failed to prevail on the other remedies available to her does not negate the fact that such remedies were available. The availability of an alternative remedy bars Ms. Boyd's claim for unjust

enrichment and entitles Dean Morris to summary judgment on plaintiff's claim of unjust enrichment.

Civil Conspiracy

Article 2324A of the Louisiana Civil Code provides that "[h]e who conspires with another person to commit an intentional or willful act is answerable *in solido*, with that person, for the damage caused by such act." However, it is well recognized that Article 2324 does not itself "impose liability for a civil conspiracy." *Ross v. Conoco, Inc.*, 828 So.2d 546, 552 (La. 2002). Rather, "[t]he actionable element in a claim under [Article 2324] is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetuate and which they commit in whole or in part." *Id.* (internal quotation and citation omitted). As noted herein above, Ms. Boyd has failed to establish a genuine issue of material fact with respect to a tort claim against Dean Morris. Because Dean Morris is entitled to summary judgment on all of plaintiff's underlying tort claims, there can be no predicate tort claim for plaintiff's civil conspiracy claim. Therefore, Dean Morris is also entitled to summary judgment on the civil conspiracy claim.

Moreover, even assuming *arguendo* that Ms. Boyd had raised a genuine issue of material fact with respect to a predicate tort offense, Dean Morris would nonetheless still be entitled to summary judgment on this claim. To establish a conspiracy, plaintiff must produce evidence of an agreement between the parties. *Legier and Matherne, APAC v. Great Plains Software, Inc.*, 2005 WL 1431666, *8 (E.D. La. May 31, 2005).

> Article 2324(A) requires a meeting of the minds or collusion between the parties for the purpose of committing wrongdoing. Evidence of such a conspiracy can be by actual knowledge of both parties or over actions with one another, or that can be inferred from the knowledge of the alleged co-conspirator of the impropriety of the actions taken by the other co-conspirator.

*Id.* (internal quotation and citation omitted). Plaintiff does not offer any specific evidence to

11

establish the requisite agreement to commit a tort. In the absence of evidence of an agreement to commit an underlying tort, Dean Morris is entitled to summary judgment on this claim.

### Breach of Contract

The petition alleges that "Dean Morris' actions on behalf of the Lender Defendants violated provisions of the mortgage and related agreements between plaintiffs and the Lender Defendants." *Bauer v. Dean Morris*, Fourth Supplemental and Amending Petition for Damages, ¶ XIV. Under Louisiana law, "[t]o assert a cause of action for breach of contract, the [plaintiff] must prove both the existence of a contract and privity." *Terrebonne Parish School Board v. Mobil Oil Corporation*, 310 F.3d 870, 888 (5th Cir. 2002).

Dean Morris contends that the claim must fail because there is no contract between Dean Morris and Ms. Boyd. Plaintiff claims that she is a third party beneficiary of the contract between Dean Morris and Chase which she alleges provides for a maximum "allowable" attorney fee of $900.00 for handling a full foreclosure proceeding on a federally insured mortgage. The parties agree that the relevant mortgage was a federally insured mortgage.

Under Louisiana law, "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." La. Civ. Code art. 1978. Because the Civil Code does not specify the analytical framework for determining when a contract contains a stipulation *pour autrui*, the requisite criteria have been jurisprudentially developed. *Williams v. Certain Underwriters at Lloyd's of London*, 2010 WL 4009818, *2 (5th Cir. October 13, 2010). Here, no analysis of the individual criteria is required. Even assuming *arguendo* that the contract between Chase and Dean Morris includes a stipulation *pour autrui* in favor of Ms. Boyd, she has not offered any evidence establishing that Dean Morris received a fee in excess of the alleged "allowable" attorney fee

permitted under the contract. Chase provided the only evidence of the actual attorney fee paid to Dean Morris for the foreclosure work, i.e., a copy of a computer record showing a $900.00 disbursement to Dean Morris for "FC Atty Fee-Authroized" on January 20, 2005. (Doc. 164, Ex. A9). Plaintiffs failure to produce evidence establishing a payment of attorneys fees to Dean Morris in excess of the amount plaintiff concedes is the "allowable" amount for attorney fees in a foreclosure proceeding dooms plaintiffs breach of contract claim even assuming plaintiff is a third party beneficiary of the contract between Chase and Dean Morris, and entitles Dean Morris to summary judgment on plaintiff's claim that she is entitled to recover damages for Dean Morris's breach its contract with Chase. Therefore, the Court grants Dean Morris's motion for summary judgment and dismisses plaintiff's breach of contract claims. Accordingly,

**IT IS ORDERED** that all claims of plaintiff Salome Lucineo Boyd against defendants Dean Morris, LLP, George B. Dean, Jr., John C. Morris, III, Charles H. Heck, Jr., and Candace A. Coutreau are dismissed.

New Orleans, Louisiana, this 30th day of March, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE